## ALTORFER v. HAAG.

### Patent Appeal No. 3349.

Court of Customs and Patent Appeals.
Dec. 24, 1934.

Joseph H. Milans, of Washington, D. C. (La Porte & La Porte, of Peoria, Ill., of counsel), for appellant.

George L. Chindahl and C. Paul Parker, both of Chicago, Ill., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

136

BLAND, Associate Judge.

This is an interference proceeding, originating in the United States Patent Office, and is a companion interference to Altorfer and Dehle v. Haag, 74 F.(2d) 129, 22 C. C. P. A. (Patents) —— (patent appeals Nos. 3347 and 3348), decided concurrently herewith.

Before the Board of Appeals there were six counts, all of which related to the ring at the bottom of the tub which is provided to prevent the articles being washed from getting under the submerged dolly. In said companion interference, the issues related to the submerged dolly, while in the present interference the issue is concerned only with said ring.

In this court, counts 1 and 4 involved in the appeal were dismissed, leaving for consideration four counts only.

The record in this interference is, in the main, identical with the record in the companion interference, except that Dehle's record is not before us; he not being a party to the present interference. At the hearing here, it was conceded by the parties that if Altorfer is granted priority of the counts involved in the companion interference, he also, for the same reasons there assigned, should be granted priority of the counts involved here.

In the companion interference, we concluded that Altorfer's activities with respect to the dolly in 1921 amounted to reduction to practice of the dolly involved in the counts there at issue, and that his subsequent conduct and delay in claiming the invention did not warrant the application of the doctrine laid down in the case of Mason v. Hepburn, 13 App. D. C. 86. Since Altorfer's work on the ring and his work on the dolly were done simultaneously, and the experiments and tests were made on both at the same time, it follows that our decision in the companion interference is controlling of our decision here. It will be unnecessary, therefore, to set out here, as we did in the companion interference, a full statement of the facts there and here involved. On the facts stated in the companion interference we hold that Altorfer was the first to conceive and first to reduce to practice the issues expressed in the counts here involved, and that he is not estopped or barred from claiming the invention defined by the counts, and that priority of invention, expressed in said counts, should be and is awarded to him.

The decision of the Board of Appeals, awarding priority to Haag in the four counts involved, is reversed. The appeal as to counts 1 and 4 is dismissed.

Reversed.

LENROOT, Associate Judge, concurs in the conclusion.